UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of MARK ANTHONY SCOTT, deceased, by and through MARY SCOTT, TINA SCOTT, REGINA ALLEN, and KIM NZIBO as Successors in Interest; MARY SCOTT, Individually; TINA SCOTT, Individually; REGINA ALLEN, Individually; and KIM NZIBO, Individually,<br><br>           Plaintiffs,<br><br>     v.<br><br>COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Sheriff SCOTT JONES; Sacramento County Main Jail Commander Captain ROSEANNE RICHAEL; Sacramento County Sheriff's Department Chief of Correctional and Court Services JAMIE LEWIS; Sacramento County Main Jail Chief of Correctional Health Services AARON BREWER; Sacramento County Jail Systems Medical Director ROBERT PADILLA, MD; Sacramento County Main Jail Director of Nursing with Correctional Health Services PAM HARRIS; Sacramento County Main Jail Watch Commander, Lieutenant GEORGE McKEEL (#11); Sacramento County Sheriff's Department JAMES TIDWELL (#897); Sacramento County Sheriff's Department Deputy DAVID PANTOJA (#2615); Sacramento County Sheriff's | No. 2-13-cv-00024-GEB-KJN<br><br>**ORDER GRANTING DEFENDANT SKERRITT'S PARTIAL MOTION FOR SUMMARY JUDGMENT** |

1

| | |
|---|---|
| 1 | Department Deputy KEN BECKER (#931); Sacramento County Sheriff's Department Deputy MICHAEL MATRANGA (#572); Sacramento County Sheriff's Department Sergeant MICHAEL XIONG (#71); Sacramento County Sheriff's Department Sergeant SCOTT HUFFORD (#41); CARYL SKERRITT, RN, and DOES 1 through 40, inclusive, |
| | Defendants. |

Defendant Caryl Skerritt ("Skerritt") moves for partial summary judgment on two of the three claims alleged against her in Plaintiffs First Amended Complaint ("FAC"); specifically, federal claim one in which Plaintiff alleges Skerritt was deliberately indifferent to decedent Mark Scott's serious medical need, and the portion of claim five in which Plaintiffs allege that Skerritt is liable under California Government Code Section 845.6 for her failure to take reasonable action to summon medical care for Mark Scott.

Plaintiffs allege in the FAC that "[t]his action stems Mark Scott's death at the Sacramental County Main Jail on January 6, 2012." (FAC ¶ 3, ECF No. 6.)

**I.  LEGAL STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986)).

If a movant satisfies its "initial burden," "the nonmoving party must set forth . . . 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Rule 56(e)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular . . . material in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Rule 56(c)(1). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular... document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006). A district

court has "no independent duty 'to scour the record in search of a genuine issue of triable fact.'" Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)).

## II.   UNCONTROVERTED FACTS

The following facts are either uncontroverted in the summary judgment record under Local Rule 260(b), or considered uncontroverted since they are undisputed.

Skerritt was working as a registered nurse at the Sacramento County Main Jail on January 6, 2012, the date on which Mark Scott died. (Pls.' Resp. & Opp'n Skerrit's SUF ("SUF") ¶ 13, ECF No. 51.) While on duty that day, she received a call from a Sacramento County Sheriff's Department Deputy who "told Skerritt that Scott complained that he was sick and vomiting." (SUF ¶ 31.) After accessing Scott's electronic medical records, Skerrit told the deputy that Scott "probably should fill out a kite so he could see a nurse at some point." (Id. ¶¶ 21, 23.) "Skerritt understood that the kite would be picked up in ordinary course that day and would be reviewed by a registered nurse for placement on nurse's sick call." (Id. ¶ 24.) "Since. . .Skerritt did not see anything in the chart that indicated to her that an episode of vomiting was a sign of an emergent or urgent issue, she advised the deputy to also tell the inmate to drink water to replenish his fluids lost." (Id. ¶ 25.)

"Scott was sick and vomiting blood . . ." Pls.' Separate Stat. Disputed Facts) ¶ 20, ECF No. 53.) The deputy did not tell Skerritt that Scott's vomitus contained blood. (SUF ¶ 37.)

4

No one at the jail contacted Skerritt again about Scott's condition during her work shift. (Id. ¶ 31.) After Skerritt's shift ended, a co-worker contacted her at Skerritt's home to inform Skerritt that Scott had passed away. (Id. ¶ 30.)

### III.   DISCUSSION

**A.   Deliberate Indifference to Serious Medical Needs in Violation of 42 U.S.C. § 1983**

Skerritt seeks summary judgment on Plaintiffs' deliberate indifference claim, arguing that no reasonable jury could find she had knowledge Scott was suffering from a "serious medical need," since "an episode of vomiting, standing alone, does not call for nor require emergent care or urgent assessment." (Mot. & Mem. P&A ISO Def.'s Mot. Partial Summ. J. ("Mot.") 5:7-10, ECF No. 46-1.)

Plaintiffs counter it is disputed whether Skerritt was "deliberately indifferent [to Scott's medical needs, since she did] not . . . obtain information from . . . Scott [before] choosing not to see him," notwithstanding that "[b]lood [was] in [Scott's] vomit" and the blood was "an indicator of a serious emergent medical need . . . ." (Pls.' Mem. P&A Opp'n Def. Mot. Partial Summ. J. ("Opp'n") 7:2-7, ECF No. 49.)

The elements of the deliberate indifference claim at issue require Plaintiffs to prove that Scott had a (1) serious medical need and (2) that Skerritt's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A medical need is "serious" when "failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta v. Dillard, 744 F.3d

5

1076, 1081 (9th Cir. 2014.)

To act with deliberate indifference, "the [medical provider] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and... draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "requires more than ordinary lack of due care for [a] prisoner's interest[] and safety." Id. "A prison [medical provider] is deliberately indifferent . . . [to an inmate's serious medical condition] only if the [provider] knows of and disregards an excessive risk to inmate health and safety.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (quoting Toguchi v. Chang, 391 F.3d 1051, 1057 (9th Cir. 2004)).

Here, the uncontroverted facts do not show that Skerritt was aware of the serious medical condition Scott had, and therefore, she "did not provide constitutionally deficient treatment by failing to address a [condition] of which she was not aware." Rouster v. Cnty. of Saginaw, 749 F.3d 437, 449 (6th Cir. 2014)(stating even if the "best medical practices" were not followed, this "is not necessarily evidence of deliberate indifference if [the medical provider] did not know that [the inmate's] stomach [problem] was caused by a serious ailment.").

Therefore, Skerritt's summary judgment motion on Plaintiffs' deliberate indifference claim is granted.

**B.  Failure to Summon Medical Care**

Skerritt also seeks summary judgment on Plaintiffs' claim that she is liable for her failure to summon medical care for Scott, arguing the record is devoid of evidence from which a reasonable inference could be drawn that she knew or had reason

to know Scott suffered from an "obvious and serious" medical condition. (Mot. 6:20-26.)

Under California Government Code Section 845.6, "a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in h[er] custody . . . if the employee knows or has reason to know that the prisoner is in need of immediate medical care and [s]he fails to take reasonable action to summon such medical care." "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Watson v. State, 21 Cal. App. 4th 836, 841 (1993).

Plaintiffs counter the summary judgment motion arguing that Skerritt "knew that blood in vomit . . . is frequently an indicator of a serious emergent medical need." (Opp'n 15:11-18.) Whether or not Skerritt knows that blood in vomit could be an indicator of a serious and obvious medical condition is not the issue. The uncontroverted facts demonstrate Skerritt had no knowledge Scott was vomiting blood. (SUF ¶ 37.) Therefore, Skerritt is entitled to summary judgment.

## IV.  CONCLUSION

For the reasons stated above, Skerritt's motion for partial summary judgment in GRANTED.

Dated:  November 13, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

7